UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BRIANNA COLO,<br><br>Plaintiff,<br><br>vs.<br><br>NS SUPPORT, LLC, an Idaho limited liability company, d/b/a NEUROSCIENCE ASSOCIATES,<br><br>Defendant. | Case No.: 1:20-CV-00437-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>**(Dkt. 6)** |

Pending before the Court is Defendant NS Support, LLC's d/b/a Neuroscience Associates Motion to Dismiss (Dkt. 6). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## DISCUSSION

Plaintiff Briana Colo's Amended Complaint asserts a single cause of action: "Race and Religious Discrimination in Employment in Violation of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act." First. Am. Compl., p. 4 (Dkt. 4). The general allegations supporting the claim include the following:

- "Colo began working part-time for NS Support in 2008. Later in her employment, Colo became a full-time scheduler for Dr. Manning." *Id*. at ¶ 7.

- "Dr. Manning then became Colo's clinical supervisor. The administrative supervisor was Lisa Joliff, ('Joliff') the Chief Operating Officer and also an employee of NS Support." *Id*. at ¶ 8.

- "During the course of her employment, Colo was subjected to harassment, by Dr. Montalbano ("Montalbano"). Upon information and belief Montalbano is an owner and/or employee of NS Support." *Id*. at ¶ 9

**MEMORANDUM DECISION AND ORDER - 1**

- "Montalbano continually made inappropriate comments regarding Colo's national Mexican origin in the presence of Colo and other employees of NS Support." *Id*. at ¶ 10.

- "Montalbano made inappropriate and disparaging statements about another doctor's ethnicity, uncomfortable sexual comments, unwanted physical advances and shoulder massages to Colo." *Id*. at ¶ 11.

- "On November 28, 2018, a meeting occurred with Colo, Jolliff, Dr. Manning and an additional employee of NS Support, Dr. Hajjar. The meeting centered on a social media post from October 5, 2018, which some employees of NS Support had found inappropriate. No other concerns about Colo were discussed in the November 28, 2018 meeting." *Id*. at ¶ 12.

- "During the November, 2018 meeting, Defendant NS Support's employees indicated to Colo that she was a 'valued employee' and following this meeting Colo would move forward with a 'fresh start' with the hope of a working relationship between Colo and the Defendants' 'for another 40 years.'" *Id*. at ¶ 13.

- "On or about November 27, 2018 Colo spoke with other employees of NS Support and spoke of her intent to report the misconduct of Montalbano to human resources of NS Support, specifically related to his harassing and racist[ ] behavior towards her and other employees of NS Support." *Id*. at ¶ 14.

- "On or about November 30, 2018 Jolliff became aware that Colo was preparing to make a report regarding Montalbano's conduct." *Id*. at ¶ 15.

- "On or about December 4, 2018 Hajjar became aware that Colo was preparing to make a report regarding Montalbano's conduct." *Id*. at ¶ 16.

- "Defendant terminated Colo's employment on December 6, 2018." *Id*. at ¶ 17.

- "The actions of NS Support adversely affected Colo's employment because of sex, national origin, and retaliation in violation of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* and the Idaho Human Rights Act, Idaho Code § 67-5901 *et. seq.*" *Id*. at ¶ 21.

Defendant seeks dismissal of Plaintiff's claims, arguing a failure to plead "sufficient facts to support any of the legal theories she has asserted and instead [Plaintiff] bases her entire complaint on conclusory statements, which have no support in the minimal facts stated." Mem. ISO MTD, p. 2 (Dkt. 6-1). Specifically, while Plaintiff alleges she was employed by NS Support and that one of the doctors made inappropriate comments, Defendant asserts that she "provides

**MEMORANDUM DECISION AND ORDER - 2**

no details as to what those comments were, when they were made, to whom they were made, or whether they were so severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Id.*[1]

To state a plausible claim for relief, a plaintiff is not required to show that the claim is probable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). But "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Determining whether a complaint states a plausible claim for relief is a context-specific task "that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.[2]

If dismissal is warranted, it should be with leave to amend unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). When dismissing a case for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Calif. Coll. Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether the plaintiff will prevail but whether she "is entitled to offer evidence to support the claims." *Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

---

[1] In opposing Defendant's Motion to Dismiss, Plaintiff indicates that "[t]his action arises out of claims for sexual and racial harassment, and retaliatory discharge under Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act." Opp. to MTD, p. 1 (Dkt. 10). Additionally, Plaintiff clarifies that "[t]he inclusion of religious discrimination instead of sex discrimination was an oversight that [she] is more than willing to correct should the Court determine that a Second Amended Complaint is necessary." *Id.* at p. 4.

[2] During oral argument, an issue arose as to whether the *Iqbal*/*Twombly* pleading standard applied to Title VII cases. To be clear, it does. *See, e.g.*, *Barnes v. Saul*, 2020 WL 7775531, at *1 (9th Cir. 2020) (applying standard to motion to dismiss plaintiff's Title VII claim); *see also McDay v. Lake Pend Orielle School Dist. #84*, 2016 WL 1259384, at *1-2 (D. Idaho 2016) (same).

**MEMORANDUM DECISION AND ORDER - 3**

Relevant here, Title VII prohibits discrimination because of a person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998) (sexual harassment actionable under Title VII to extent that it occurs "because of" plaintiff's sex). Title VII also prohibits retaliation, making it unlawful "for an employer to discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title] . . . ." 42 U.S.C. § 2000e-3(a).

The undersigned concludes that Plaintiff has largely not stated a plausible claim under Title VII. Namely, while Plaintiff has introduced the theoretical *possibility* of such a claim via her general allegations and stated cause of action, there are no details from which either Defendant or this Court can assess the *plausibility* of such a claim. *See, e.g.*, *McDay*, 2016 WL 1259384 at *2. In *McDay*, a similar issue was confronted (in both a Title VII context and motion to dismiss setting), with the Court stating in relevant part:

> The Court finds that McDay has not stated a plausible claim under Title VII. McDay alleges that, "as a result of multiple complaints of sex discrimination by coworkers, that went disregarded, a hostile work environment arose." *McDay, however, has alleged no facts clarifying or supporting that allegation, leaving the Court to speculate. McDay alleges he was also laid off "immediately following an inappropriate co-worker interaction over performance and pay following Plaintiff's reporting of same incident." But "Title VII only protects employees from retaliation for complaining about the types of discrimination it prohibits."* Thus, McDay's complaint of an inappropriate co-worker interaction regarding "performance and pay" does not give rise to a Title VII claim. McDay has not alleged he personally complained or participated in co-workers' complaints of any conduct Title VII prohibits. Accordingly, the Court will dismiss McDay's claims under Title VII.

*Id*. (internal citations omitted; emphasis added).

Plaintiff attempts to distinguish *McDay*, arguing that, unlike the plaintiff there, she "has provided specific examples of conduct that falls squarely into Title VII prohibitions." Opp. to

**MEMORANDUM DECISION AND ORDER - 4**

MTD, p. 4 (Dkt. 10). The Court does not agree. While Plaintiff's First Amended Complaint arguably contains more specifics than those involved in *McDay*, what is described remains too generic. For example, stating simply that Plaintiff "was subjected to harassment" is not enough. First Am. Compl., ¶ 9 (Dkt. 4). Likewise, references to "inappropriate comments," "disparaging statements," "uncomfortable sexual comments," and "unwanted physical advances" (*id*. at ¶¶ 10-11) – although somewhat more precise – remain devoid of facts "clarifying or supporting that allegation, leaving the Court to speculate." *McDay*, 2016 WL 1259284 at *2.

Hence, dismissal of Plaintiff's Title VII-related claim(s) is warranted. However, unlike *McDay*, the Court is not convinced that Plaintiff's pleading cannot be cured by the allegation of additional facts, especially given the outcome of the Charge of Discrimination Plaintiff lodged with the Idaho Human Rights Commission. *See* First Am. Compl., ¶¶ 18-19 (Dkt. 4). Therefore, Defendant's Motion to Dismiss is granted; Plaintiff's Title VII claim is dismissed, without prejudice; Plaintiff is granted leave to amend her pleading; and said amended pleading shall be filed within 14 days of this Memorandum Decision and Order.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Motion to Dismiss (Dkt. 6) is GRANTED; Plaintiff's Title VII claim is dismissed, without prejudice; Plaintiff is granted leave to amend her pleading; and Plaintiff shall file her amended pleading within 14 days of the entry of this Memorandum Decision and Order.

DATED: March 17, 2021

Ronald E. Bush
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**