UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIANNA COLO,<br><br>                     Plaintiff,<br><br>      v.<br><br>NS SUPPORT, LLC, an Idaho limited liability company d/b/a Neuroscience Assoc.,<br><br>                  Defendant. | Case No. 1:20-CV-00437-DKG<br><br>**TRIAL SCHEDULING ORDER** |

    **1.**     **Trial Date:**   A <u>five</u> (5) day jury trial of this matter will begin at 9:30 a.m. on <u>September 26, 2022</u> at the Federal Building and Courthouse in <u>Boise,</u> Idaho. The trial will continue thereafter from 8:30 a.m. to 3:00 p.m.

    **2.**     **Motions *in Limine*:** All motions *in limine*, if any, must be filed by <u>August 4, 2022</u>. Responses to motions *in limine*, if any, must be filed by <u>August 18, 2022</u>.

    **3.**     **Pre-Trial Conference**: A pre-trial conference as well as oral argument on any motions *in limine* will take place at 1:30 PM MT on <u>Thursday, September 1, 2022</u>, in Courtroom 6 at the Federal Building and Courthouse in <u>Boise</u>.

    **4.**     On <u>September 19, 2022</u>, the parties must electronically file and serve copies on opposing counsel of the following:

**TRIAL SCHEDULING ORDER - 1**

**A. Trial Briefs**.

**B. Exhibit Lists**. Any stipulated exhibits should be numbered and listed starting with "101." Plaintiff's exhibits should be numbered and listed starting with "201." Defendant's exhibits should be numbered and listed starting with "301." Impeachment exhibits should be marked, sealed, and delivered only to the Court; each should be listed on your exhibit list only as "impeachment exhibit." A form for the exhibit list may be accessed on the Court's website at:

http://www.id.uscourts.gov/district/judges/dale/Trial_Procedures.cfm

The parties must agree on a date to meet and exchange exhibits and discuss stipulations prior to submitting exhibit lists to the Court.

**C. Witness Lists**. List all witnesses to be called. For each witness, provide the following information: name, address, occupation, and the estimated amount of time for direct testimony. A form for the witness list may be accessed on the Court's website at: http://www.id.uscourts.gov/district/judges/dale/Trial_Procedures.cfm

**D. Expert Witness Lists**. A written statement or report of each expert setting forth their qualifications, any opinions to be expressed in detail, and the facts and data upon which the opinions are based.

**E. Plaintiff's Itemized List of Special Damages**, if any.

**F. Proposed Jury Instructions with Citations**. The Court prefers that the proposed instructions be taken from the appropriate sections of the Ninth Circuit Model Jury Instructions, found at http://www.lb9.uscourts.gov/. Each proposed instruction

**TRIAL SCHEDULING ORDER - 2**

should be on a separate sheet and should contain a reference to the source of the instruction. Objections may be filed seven (7) days prior to trial.

**G. Proposed Jury Instructions Without Citations**. Additionally, the parties must submit to chambers a "clean" set of their proposed jury instructions that do not contain references to the source of the instructions in a Word compatible document to DKG_Orders@id.uscourts.gov.

**H. Proposed Verdict Form**. The parties must submit a proposed verdict form with both sets of their Proposed Jury Instructions.

**I.   Proposed *Voir Dire***: The parties must file electronically and serve copies on opposing counsel of Proposed *Voir Dire* questions to be asked of the jury panel by the Court. Each side will be allowed up to thirty (30) minutes for attorney *voir dire* after the Court completes its *voir dire* and before the parties exercise peremptory challenges.

**5.**      Not later than 12:00 PM MT on the Friday prior to trial, the parties must lodge with the Court in <u>Boise</u>, Idaho, the following:

**A. Exhibits**. An additional copy, either electronic or paper, should be submitted for the Court's personal use during the trial, with the exception of oversize exhibits or audio/visual materials.

**B. Depositions**. Produce, either electronically or on paper, only depositions that are to be offered as substantive evidence, *i.e.*, not depositions used to refresh recollection or for impeachment. Underline the portions of the deposition that are sought to be admitted.

**TRIAL SCHEDULING ORDER - 3**

**6.**      Except for good cause shown, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order.

**7.**      The following guidelines will govern courtroom decorum:

**A.** Counsel, and all persons at counsel table, must stand as Court is opened, recessed or adjourned and when the jury enters or retires from the courtroom.

**B.** Counsel must stand at the lectern while addressing the Court, the jury, and while examining witnesses. It is the Court's preference that counsel use the evidence presentation equipment when presenting exhibits to witnesses and the jury. The equipment allows the Court to control whether the exhibit is seen by only the witness or both the witness and the jury, and the Court prefers that the evidence presentation equipment be used even in instances when exhibits are before a witness but have not yet been admitted into evidence or published to the jury. If use of the evidence presentation equipment is not possible (or impractical), counsel may approach a witness for purposes of handling or tendering exhibits with the Court's prior approval. Counsel may not move about the "well" without receiving the Court's prior approval.

**C.** Only one attorney for each party may examine or cross examine each witness. The attorney stating objections, if any, during direct examination, will be the attorney recognized for cross examination.

**D.** During the time the jury is in the jury box, no argument, beyond one sentence evidentiary objections, will be allowed to interrupt the flow of testimony. When making an objection, stand and state only the legal basis for the objection. Almost all objections should be stated in one to three words ("hearsay," "asked & answered,"

**TRIAL SCHEDULING ORDER - 4**

"irrelevant," etc.). If a response is necessary, be brief, without making a speech. If it is critical to the case that counsel be heard in more detail, a bench conference may be called to explain the basis for an objection. However, if counsel anticipate matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court may direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess.

Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness did not read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she cannot remember." These "speaking objections" would suggest an answer.

**E.** Counsel must have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidably delayed, counsel must promptly notify the court and opposing counsel.

**F.** In examining a witness, counsel must not repeat or echo the answer given by the witness.

**G.** Counsel are directed not to lay a foundation for a witness's expertise and then "tender" the witness to the Court as an expert. Rather, the appropriate foundation for the witness's expertise should be laid, and then questions should be put to the witness seeking their opinion. If opposing counsel feels that the foundation is inadequate they

**TRIAL SCHEDULING ORDER - 5**

may object and the Court will rule. The process of "tendering" the witness as an expert and having the Court accept that tender suggests that the witness has the Court's imprimatur. As such, it is an improper form of bolstering.

**H.** All persons, including witnesses, other counsel, and the parties will be referred to by their surnames and not by their first or given names. Likewise, clients and witnesses should be instructed to refer to counsel by last names. Further, if the Court has entered a pretrial order precluding certain evidence or argument, Counsel is expected to discuss the order with clients and witnesses in advance of calling them to testify to avoid inadvertent statements in contravention of the Court's order.

**I.** Counsel are responsible for advising clients, witnesses and everyone associated with their clients to avoid all contact with the jurors. This prohibition includes contact through electronic means or social media, as well as seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

**J.** Counsel must address all remarks to the Court, not to opposing counsel. Counsel are further advised to avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feelings between the litigants or witnesses.

**K.** Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are strictly prohibited and will not be tolerated from counsel, clients, witnesses, or persons within the gallery.

**TRIAL SCHEDULING ORDER - 6**

**IT IS SO ORDERED.**

DATED: July 22, 2022

Honorable Debora K. Grasham
United States Magistrate Judge

**TRIAL SCHEDULING ORDER - 7**