UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIANNA COLO,<br><br>        Plaintiff,<br><br>v.<br><br>NS SUPPORT, LLC, an Idaho limited liability company d/b/a Neuroscience Associates,<br><br>        Defendant. | Case No. 1:20-CV-00437-DKG<br><br>**MEMORANDUM DECISION AND ORDER ON DEFENDANT'S SECOND SET OF MOTIONS** *IN LIMINE* |

## INTRODUCTION

Before the Court is Defendant's Second Set of Motions *in Limine* (Dkt. 68). The motions are fully briefed and at issue. Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motions will be decided on the briefing. Dist. Idaho L. Civ. Rule 7.1(d).

For the reasons that follow, the Court will grant Defendant's motion to exclude Plaintiff's Exhibit 202 and will deny Defendant's motion to exclude Plaintiff's Exhibits 203 and 204 and the testimony of Dr. Earwicker (or any other IHRC representative).

**MEMORANDUM DECISION AND ORDER – 1**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Brianna Colo ("Colo") filed a complaint on September 14, 2020, against her former employer, NS Support, LLC ("NS Support"), raising a single claim of discrimination, harassment, and retaliation based on sex and national origin, in violation of Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act.[1] (Dkt. 18). Following this Court's Memorandum Decision and Order Re: Motion for Summary Judgment (Dkt. 40), which granted Defendant's Motion for Summary Judgment (Dkt. 30) as to Plaintiff's hostile workplace claim, the sole claim proceeding to trial is Plaintiff's retaliation claim based upon a conversation she had with her former co-worker, Kelly Roberts ("Roberts") regarding her concerns about Dr. Montalbano's alleged conduct.[2] A jury trial is scheduled to commence on September 26, 2022.

## DISCUSSION

1. **Standard of Law**

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)). There is no express authority for motions *in limine* in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well

---

[1] The facts, which are well known to both the parties and the Court and have been set forth in this Court's recent Memorandum Decision and Order Re: Motion for Summary Judgment (Dkt. 40 at 2-6), will not be recited here in full.

[2] The Court dismissed Plaintiff's retaliation claim based on her conversation with Dr. Manning. (Dkt. 40 at 30-33).

**MEMORANDUM DECISION AND ORDER – 2**

recognized in practice and by caselaw. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion *in limine* is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984).

Generally, motions *in limine* excluding broad categories of evidence are disfavored—as such issues are more fairly dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, it is sometimes necessary to defer ruling until trial when a better estimate of the impact of the evidence on the jury can be made by the trial judge. *Crawford v. City of Bakersfield*, No. 1:14-cv-01735-SAB, 2016 WL 5870209, at *2 (E.D. Cal. Oct. 6, 2016).

Denial of a motion *in limine* does not mean that all evidence contemplated by the motion will be admitted at trial. Instead, denial of such a motion simply means the Court is unable to determine whether the evidence should be excluded outside of the trial context. At trial, the parties may object to the offering of evidence even though such evidence was the subject of the Court's denial of a motion *in limine*. Where a motion *in limine* is granted, however, the parties are precluded from arguing, discussing, or offering the particular evidence that the Court has ordered be excluded unless the Court rules otherwise during the course of the trial.

2. **Defendant's Motions** *in Limine*

Defendant seeks to exclude three exhibits proposed by Plaintiff and the testimony of Benjamin J. Earwicker, Ph.D. of the Idaho Human Rights Commission ("IHRC"). (Dkt. 68-1).

**MEMORANDUM DECISION AND ORDER – 3**

### a. IHRC Charge and Determination

Defendant's tenth and eleventh motions *in limine* seek an order from this Court preventing Plaintiff from introducing at trial the Charge of Discrimination that Plaintiff filed with the IHRC (Plaintiff's Exhibit No. 202) ("Charge") and the IHRC Administrative Review and Commission Determination dated March 26, 2020 by IHRC Administrator Benjamin J. Earwicker, Ph.D. (Plaintiff's Exhibit No. 203) ("Determination"). (Dkt. 68-1 at 3-6). Specifically, Defendant asserts that such documents constitute inadmissible hearsay under Federal Rule of Evidence 801(c), contain irrelevant information that has a tendency to confuse the issues before the jury and which should be excluded under Federal Rule of Evidence 403, are cumulative and, with respect to the Determination, invades the province of both the Court and Jury in determining the ultimate issue for trial and, in so doing, applies a standard inapplicable to the jury's deliberation, which would confuse the jury. Thus, Defendant contends that both exhibits should be excluded at trial. (*Id.*)

As to the Charge, Plaintiff "stipulates to not entering her Charge of Discrimination (Exhibit 202) into evidence, but does request that this Court take judicial notice that such Charge was timely filed." (Dkt. 71 at 1). Federal Rule of Evidence 201(b) provides that a Court may take judicial notice of a fact only when that fact is "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* Additionally, a Court may take judicial notice of a fact, and must take judicial notice of a

**MEMORANDUM DECISION AND ORDER – 4**

fact "if requested by a party and supplied with the necessary information." F.R.E. 201(c)-(d).

Here, the Court has been provided with a copy of the Charge by way of exhibit. (Dkt. 68-3). However, the Charge itself does not contain the date on which it was filed with the IHRC, or the date on which it was received by the IHRC, and as such, the Court is unable to ascertain whether the Charge was timely filed. For this reason, the Court cannot take judicial notice that the Charge was timely filed at this time.[3] Based upon the concessions of the parties, the Court will **GRANT** Defendant's Motion as to the Charge.

As to the Determination, Plaintiff asserts that such evidence is admissible under Ninth Circuit caselaw. The Court agrees. In *Plummer v. Western International Hotels Co.*, the United States Court of Appeals for the Ninth Circuit held that a "plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury." 656 F.2d 502, 506 (9th Cir. 1981). The Ninth Circuit later indicated that "the *Plummer* ruling is not restricted solely to EEOC findings of probable cause but extends to similar administrative determinations …." *Heyne v. Caruso*, 69 F.3d 1475, 1483 (9th Cir.1995); *see also Garcia v. PSI Env't Sys.*, No. 1:10-CV-00055-EJL, 2012 WL 2359496, at *1 (D. Idaho June 20, 2012) (granting plaintiff's motion to introduce the

---

[3] However, on motion and provided with the requisite information, the Court would reconsider Plaintiff's request. Additionally, to the extent the parties are willing to stipulate to this fact, the Court will permit them to do so, and orders that they inform the Court's law clerk during their September 23, 2022, telephonic conference call, as to whether such an agreement has been reached.

**MEMORANDUM DECISION AND ORDER – 5**

IHRC's probable cause determination based upon the Ninth Circuit's "mandate" "that probable-cause determinations by the EEOC and other similar determinations be admitted into evidence" and conclusive finding "that the prejudicial effect of the probable-cause determination far outweighed the prejudicial effect it may have on a jury." (citing *Heyne*, 69 F.3d at 1483)).

Based upon the foregoing, the Court will **DENY** Defendant's motion to exclude Plaintiff's Exhibit 203. However, given that Plaintiff's hostile work environment claim has since been dismissed, (Dkt. 40 at 17, 22), and for the reasons stated in the Court's first Memorandum Decision and Order on the parties' motions *in limine*, (Dkt. 49 at 10), the Court will permit Plaintiff to introduce only those portions of the IHRC's determination that concern retaliation, *see Finley v. United Parcel Service Inc.*, No. CV-16-00055-PHX-ROS, 2018 WL 6421693, at *1 (D. Ariz. June 5, 2018) (limiting the introduction of the EEOC determination to include only those claims at issue during trial).

Furthermore, the Court intends to instruct the jury concerning this evidence substantially as follows:

> You have received evidence that the Idaho Human Rights Commission, or "IHRC," issued a probable cause determination to Ms. Colo. The IHRC is a state agency responsible for investigating complaints for violations of federal and state employment law. The law requires a plaintiff to file a complaint or "charge" with the IHRC before she can sue in court. The IHRC then investigates the charge. In this case, that investigation resulted in the probable cause determination that was introduced into evidence. A probable cause determination from the IHRC is not a determination that an employer has violated Title VII or the Idaho Human Rights Act. Instead, it is a preliminary conclusion that there is reason to believe that a violation has taken place. You may consider the IHRC's determination as you weigh all

**MEMORANDUM DECISION AND ORDER – 6**

of the evidence in this case, but the decision as to whether the defendant violated the law is yours alone.

See *Conti v. Corporate Servs. Group, Inc.*, No. C12-245RAJ, 2013 WL 6095564, at *5 (W.D. Wash. Nov. 20, 2013) (based in part on *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986)).

The parties are instructed to confer with one another, to the extent possible, prior to the September 23, 2022, telephonic conference call with the Court's law clerk, to discuss the parameters of the Court's proposed jury instruction and to determine whether they can agree upon appropriate redactions for Exhibit 203.

### b. Testimony of Dr. Earwicker (or any other IHRC representative).

Defendant's twelfth motion *in limine* seek an order from this Court excluding the testimony of Dr. Earwicker and any other IHRC representative because such testimony would constitute impermissible opinion testimony concerning the legal and factual sufficiency of Plaintiff's pending retaliation claim under Federal Rule of Evidence 704, constitute hearsay since neither Dr. Earwicker nor anyone at the IHRC has first-hand knowledge of the facts alleged by either the Plaintiff or the Defendant, and such testimony would present solely cumulative evidence pursuant to Federal Rule of Evidence 403. (Dkt. 68-1 at 6-8).

Plaintiff opposes Defendant's motion. First, Plaintiff notes that Dr. Earwicker is not an expert witness and will not be offering expert testimony at trial. (Dkt. 71 at 2). Instead, Plaintiff asserts that the testimony of Dr. Earwicker or some other IHRC representative is necessary to lay the foundation for the introduction of Exhibit 203. (*Id.*).

**MEMORANDUM DECISION AND ORDER – 7**

Plaintiff further asserts that she will not need to call a foundational witness like Dr. Earwicker so long as Defendant is willing to stipulate to the admissibility of the IHRC Determination (Exhibit 203) without requiring the necessary foundation to be laid. (*Id.*)

The Court will **DENY** Defendant's motion to exclude the testimony of Dr. Earwicker or any other IHRC representative, as he is competent to lay the proper foundation for the introduction of Exhibit 203. However, the Court will not permit Dr. Earwicker to offer expert testimony.

Additionally, to the extent the parties wish to stipulate to the foundation, authenticity, and/or admission of Exhibit 203, the Court will permit them to do so, and orders that they inform the Court's law clerk during their September 23, 2022, telephonic conference call, as to whether such an agreement has been reached.

### c. Plaintiff's Text Message Exchange with Dr. Manning.

Defendant's thirteenth motion *in limine* seeks an order excluding a November 28, 2018, text message exchange between Plaintiff and her former supervisor at NS Support, Dr. Manning (Plaintiff's Exhibit 204). Defendant asserts that such message constitutes inadmissible hearsay, is irrelevant, and would confuse the jury. (Dkt. 68-1 at 8-9).

Plaintiff opposes Defendant's motion, asserting that although she does not intend to prove that her communications with Dr. Manning were the cause of her termination, she must be allowed to establish that she did express concerns about Dr. Montalbano's conduct, given Defendant's indications that it will attempt to establish at trial that Plaintiff was not offended by Dr. Montalbano's behavior. (Dkt. 71 at 2). Plaintiff further

**MEMORANDUM DECISION AND ORDER – 8**

asserts that whether her conversations with Dr. Manning are introduced into evidence will depend on the proceedings at trial. (*Id.* at 2-3).

The Court will **DENY** Defendant's motion to exclude Plaintiff's Exhibit 204. As outlined in its Memorandum Decision and Order on the parties' motions *in limine* (Dkt. 40), the Court may allow evidence to the extent it is offered in response to a question posed by defense counsel on cross-examination or for purposes of impeachment. Additionally, because objections to hearsay are best assessed when the statements are presented in context at trial, *see Campbell v. Union Pac. R. R. Co.*, No. 4:18-CV-00522-BLW, 2021 WL 1341037, at *2 (D. Idaho Apr. 9, 2021), the Court will wait to rule on the admissibility of this evidence at trial when the context of the proffered evidence is clear and the Court can determine whether some exception to the hearsay rule applies. Accordingly, the Court will **DENY** Defendant's motion and will rule on the admissibility of such evidence if it is offered at trial.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** as follows:

1. Defendant's Second Set of Motions *in Limine* (Dkt. 68) are **GRANTED** or **DENIED**, as follows:

    a. IHRC Charge (Plaintiff's Exhibit 202)—**GRANTED**.

    b. IHRC Determination (Plaintiff's Exhibit 203) —**DENIED**.

    c. Testimony of Dr. Earwicker or any other IHRC Representative — **DENIED**.

**MEMORANDUM DECISION AND ORDER – 9**

  d. November 28, 2018, text message (Plaintiff's Exhibit 204)—**DENIED**.

DATED: September 22, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 10**