UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIANNA COLO, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>NS SUPPORT, LLC, an Idaho limited liability company d/b/a Neuroscience Associates,<br><br>             Defendant. | Case No. 1:20-CV-00437-DKG<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO ALTER OR AMEND JUDGMENT** |

## INTRODUCTION

Pending before the Court is Plaintiff Brianna Colo's Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. 101). The motion seeks reconsideration of the Court's June 15, 2023, Order awarding Plaintiff $300,000 in back pay and $130,333 in front pay. (Dkt. 97). The parties filed responsive briefing and the matter is ripe for the Court's consideration. (Dkt. 101, 107, 108).[1] Having fully reviewed the record, the Court finds that the facts and legal arguments are

---

[1] The Parties have consented to proceed before a United States Magistrate Judge in this matter pursuant to 28 U.S.C. § 636(c)(1) and Local Civil Rule 72.1(a)(1). (Dkt. 12).

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW – 1**

adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion based on the record. Dist. Idaho Civ. Rule 7.1(d). As more fully explained below, the Motion to Alter or Amend Judgement will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Colo's employment with NSA was terminated on December 6, 2018. Colo claims she was wrongfully terminated from her employment in retaliation for preparing to report alleged workplace harassment and discrimination in violation of Title VII and the Idaho Human Rights Act ("IHRA"). (Dkt. 1).

Colo initiated this action on September 14, 2020. (Dkt. 1). On July 7, 2022, this Court entered an order granting in part and denying in part NSA's motion for summary judgment that dismissed her sexual harassment and national origin discrimination claims but found that disputes of material fact precluded entry of judgment on Colo's retaliation claim. (Dkt. 40).

Trial began on September 26, 2022. Neither party lodged any formal objections to the Court's jury instructions.[3] The trial concluded on September 30, 2022. The jury found that NSA unlawfully retaliated against Colo in violation of Title VII and the IHRA,

---

[2] A detailed description of the factual and procedural background of this case is set forth in *Brianna Colo v. Ns Support*, 2023 U.S. Dist. LEXIS 105452 at *2-9 (D. Idaho Jun. 15, 2023) and is incorporated herein.

[3] NSA did, however, object to the verdict form. (Tr. 661:21-23).

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW – 2**

awarding back pay damages in the amount of $300,000 and front pay damages in the amount of $1,350,000. (Dkt. 85). The award did not apportion damages between Title VII or the IHRA claims. (Dkt. 85). The jury's back and front pay awards were advisory. (Tr. 647:6-21).

After trial, the parties stipulated to a schedule for filing motions before the Court entered judgment on the verdict. The Defendant filed a Renewed Motion for Directed Verdict and a Motion for a New Trial. (Dkt. 89, 89-4). Briefing was completed on December 28, 2022. The Court entered an Order on June 15, 2023, denying Defendant's Motion for Directed Verdict and Motion for New Trial. (Dkt. 97). In accordance with the jury verdict, final judgment was entered in favor of Colo on her retaliation claims under Title VII and the IHRA and the Court found judgment in the amount of $300,000 in back pay, plus prejudgment interest, was appropriate. (Dkt. 98). In an exercise of discretion, the Court also awarded Colo $130,333 in front pay. (Dkt. 97).

Instead of upholding the advisory jury's front pay award, Colo was awarded 2.25 years in front pay. (Dkt. 97). The Court found the front pay award determined by the advisory jury, which spanned over 31 years, was entirely too speculative. (Dkt. 97). The Court ultimately granted Colo 100% of her expected pay at NSA for a total of 6 years, which the court determined was reasonable for three reasons:

> First, the extravagant front pay award awarded by the jury, which essentially awards Colo front pay until retirement, runs counter to the general rule that "front pay is intended [to] be temporary in nature." *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1347 (9th Cir. 1987). Second, given the speculative nature of such a lengthy front pay period, awarding Colo front pay until retirement would clearly constitute a windfall. And third,

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW** – 3

> a reduced award is justified given Colo's young age, training, and experience at the time the unlawful retaliation occurred.

(Dkt. 97 at 54).

On July 13, 2023, Colo filed the instant Motion, asking the Court to alter or amend the judgment. (Dkt. 101). At issue is the Court's discretionary award of front pay, which was substantially less than the amount awarded by the advisory jury. (Dkt. 101).

## LEGAL STANDARD

A district court may reconsider a prior judgment under Federal Rule of Civil Procedure 59(e) based on a motion to alter or amend judgment. *School Dist. No. 1J, Multnomah Cnty., v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). However, amending a judgment after entry is an "extraordinary remedy which should be used sparingly." *McDowell*, 197 F.3d at 1255 n.1. There are generally four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.*

A Rule 59(e) motion "may not be used to relitigate old matters, or raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon*

*Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered before rendering its original decision fails to carry the moving party's burden." *Hanigan v. OpSec Sec., Inc.*, 2023 U.S. Dist. LEXIS 131653 (D. Idaho Jul. 27, 2023) (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal Mar. 13, 2001)).

## DISCUSSION

The issue here is whether the judgment was a manifest error of law. Colo argues the Court committed clear error because it applied the incorrect legal standard with regards to jury determinations where both legal and equitable claims are based on the same facts, and to the award of front pay. (Dkt. 101 at 2).

**1. The Court is Not Bound By the Jury's Determination on the Issue of Front Pay.**

First, Colo contends that because the case involved matters both legal and equitable in nature based on the same set of facts, the Court should reconsider its judgment to the extent it was inconsistent with the jury verdict. (Dkt. 101 at 4). Under Title VII, "front pay is an equitable remedy that must be determined by the court, both as to the availability of the remedy and the amount of any award." *Traxler v. Multnomah County*, 596 F.3d 1007, 1011 (9th Cir. Feb. 26, 2010). "A trial court, sitting in equity, may nevertheless employ an advisory jury. The ultimate decision, however, rests with the

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW – 5**

court." *Id.* at 1013; *see Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) (finding equitable remedies under Title VII are to be awarded by the Court in its discretion, not by the jury). Rule 39(c) provides, "[i]n an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury. . .." Fed. R. Civ. P. 39(c).

Here, the Court had the discretion to decide whether to award Colo front pay as a Title VII remedy and at what amount. *Traxler*, 596 F.3d at 1011. The fact that an advisory jury was used at to the issue of damages does not change that. The parties did not stipulate to have the jury determine issues of equitable damages, so the issues of front and back pay were submitted for an advisory verdict pursuant to Federal Rule of Civil Procedure 39(c)(1). (Tr. 17:10-18:4). In discussing the proposed jury instructions and verdict form during the trial, the Court stated, "It sounds like the parties are not going to consent to have the jury determine the issue of back and front pay, that I'm going to use them as an advisory jury." (Tr. 647: 6-10). Both parties agreed in response to that statement. *Id.* at 11-16. Additionally, the Court stated, "We will have space on the verdict form, if it is appropriate for the jury to find back and front pay. It will be an advisory decision. Ultimately, it will be for the Court to decide that issue if we get to that point." *Id.* at 17-21. Neither party objected to that statement.

Colo argues the Court was bound by the determinations of the jury because the case involved legal and equitable claims based on the same set of facts, and the Court could only use an advisory jury in deciding the Title VII remedies. (Dkt. 108 at 2). The Court recognizes, as it did in its previous order, that back pay, and front pay are legal

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW – 6**

remedies awarded by the trier of fact as an element of actual damages under the IHRA and that Colo's retaliation claim was brought under Title VII and the IHRA. (Dkt. 97 at 34); *Smith v. Glenns Ferry Hwy. Dist.*, 462 P.3d 1147, 1157 (Idaho 2020). The parties agreed to have an advisory jury consider the issue of front and back pay on all of Colo's claims, and that is precisely what happened. Indeed, after the trial, Colo reaffirmed her understanding of that agreement when she filed Plaintiff's Motion for Back Pay and Front Pay (Dkt. 90) seeking to have the Court determine those damages.

Additionally, the Court considers Colo's argument in comparing the facts of this case to that in *Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016) and finds this argument to be analogous to the argument made in her post-trial briefing and previously addressed by the Court. (Dkt. 101 at 2; Dkt. 97 at 34-35; Dkt 90 at 2). The *Teutscher* court found where legal and equitable claims turn on common issues of fact, the court must abide by the jury's findings in making any subsequent equitable rulings. 835 F.3d at 944. However, in this case, the determination of front pay under Title VII was to be made by the Court, and the jury's determination on the amount of front pay to award Colo was merely advisory. As stated in its previous Order concerning the use of an advisory jury in situations of both legal and equitable claims:

> [T]he Ninth Circuit has held that when the jury's verdict is "advisory in nature, 'the court is free to accept or reject the advisory jury's verdict, in whole or in part, and is obligated to make its own independent assessment of the issues submitted to the advisory jury.'" *Softketeers, Inc. v. Regal W. Corp.*, No. 819CV00519JWHJDEX, 2022 WL 17968835, at *3 (C.D. Cal. Dec. 22, 2022) (quoting *Hannibal Pictures, Inc. v. Sonja Prods.*, LLC, 2009 WL 10673572, at *1 (C.D. Cal. Aug. 31, 2009), *aff'd*, 432 F. App'x 700 (9th Cir. 2011)); *see also Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431, 1438 (9th Cir. 1983) (where a case is tried to the court with an advisory jury,

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW – 7**

"[r]eview on appeal is of the findings of the court as if there had been no verdict from an advisory jury, and there can be no review of supposed errors relating to rulings before and instructions to the advisory jury." (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2335 (1971)) (alteration in original).

(Dkt. 97 at 35).

The Court was permitted to use an advisory jury to determine the award of damages and confirmed this multiple times with the parties before and during the trial without objection, and Colo followed this procedure after trial without objection. The Court has broad discretion in deciding whether to alter or amend the previous Order. Accordingly, based on the foregoing, the Court finds that Colo has failed to demonstrate that it was clear error for the Court to determine the award of front pay.

### 2. Awarding Colo 2.25 Years of Front Pay Was Not Clear Error.

Colo argues the Court's award of 2.25 years of front pay or $130,333 to her clearly contradicts the jury's determination. (Dkt. 107 at 6). As stated above, the award of front pay under Title VII is an equitable determination, and the Court was within its discretion to award a different amount than the amount awarded by the advisory jury. Further, Colo argues that based on the specific evidence presented at trial, the award of front pay for 2.25 years is inadequate. (Dkt. 107 at 9).

Regarding front pay, the Ninth Circuit has observed:

> A court awarding front pay should consider a plaintiff's ability to mitigate her damages by finding other employment in the future."[F]ront pay awards. . .must be reduced by the amount plaintiff could earn using reasonable mitigation efforts. . . . Thus, front pay is intended to be temporary in nature. An award of front pay does not contemplate that a plaintiff will sit idly by and be compensated for doing nothing." *Cassino*, 817 F.2d at 1347 (citations and quotations omitted). "Because of the potential for windfall,

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW – 8**

> [front pay] use must be tempered." *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1425 (4th Cir. 1991).

*Gotthardt v. AMTRAK*, 191 F.3d 1148, 1157 (9th Cir. 1999); *see also Boehm v. American Broadcasting Co., Inc.*, 929 F.2d 482, 488 (9th Cir. 1991) (noting that 6-years of front pay "is longer than customary in federal discrimination actions, [but] it is not so unsound as to warrant reversal").

Colo offers multiple examples of cases where other courts have, in their discretion, awarded significantly more front pay than 2.25 years. (Dkt. 107 at 6-8). However, the cases provided are either not binding on this Court or are readily distinguishable from the facts of the present case. In any event, they do not provide sufficient evidence to prove clear error in this case.

The Court concluded, in its discretion, the front pay award determined by the advisory jury of $1,350,000, which constituted 31 years of front pay, was too speculative and constituted a windfall. *Gotthardt*, 191 F.4d at 1157 (holding front pay is designed to be temporary in nature). The Court considered and discussed the evidence presented at trial with regards to front pay and found that a reduced award was justified given Colo's young age, training, and experience at the time of the retaliation. (Dkt. 97 at 51-54). Colo's argument now that the award was inappropriate because of her limited education, narrow work experience, and the lack of jobs in this geography that pay bonuses for the type of work she previously performed, is primarily a disagreement with the Court's fact intensive determination as to the amount of front pay she was entitled to. Colo does not point to any reason

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW** – 9

why she would be entitled to an award of front pay essentially until retirement, especially given her young age and work experience. A front pay award of 2.25 years coupled with a back pay award period consisting of 3.75 years provides Colo with six years to mitigate her damages. The Court provided evidence in its previous Order for reducing the front pay award from the amount submitted by the advisory jury, and Colo has failed to demonstrate that this determination was clear error.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that:**

Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

DATED: October 10, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER; FINDINGS OF FACT AND CONCLUSIONS OF LAW – 10**